# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LORIE A. HAVILAND,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-09-115-FHS
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Lorie A. Haviland (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 11, 1980 and was 27 years old at the time of the entry of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a chicken plant line worker. Claimant alleges an inability to work beginning April 6, 2004 due to HIV, asthma, bi-polar disorder, depression, anxiety, post-traumatic stress disorder, and a suicide attempt.

3

## Procedural History

On November 26, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 16, 2008, a hearing was held before ALJ Deborah L. Rose in Sallisaw, Oklahoma. By decision dated November 21, 2008, the ALJ found that Claimant was not disabled during the relevant period. On February 9, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform her past relevant work as a chicken processing plant worker.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to consider all of Claimant's severe impairments; (2) engaging in a faulty credibility analysis; (3) arriving at an erroneous RFC; and

4

(4) finding Claimant could return to her past relevant work.

**Claimant's Additional Impairments**

Claimant asserts the ALJ failed to consider all of her severe impairments. In her decision, the ALJ found Claimant suffered from the severe impairments of major depressive disorder, generalized anxiety disorder "and/or" post-traumatic stress disorder, and a personality disorder. (Tr. 18). Claimant contends the medical evidence demonstrates she also suffers from HIV, which the ALJ failed to consider severe. Claimant asserts taking precautions necessary to prevent the spread of her disease poses more than a minimal workplace restriction since she should obviously not work around sharp objects, such as a deboner in a chicken processing plant.

Claimant cites no authority for the proposition that a condition which might cause an employer to impose restrictions on an employee constitutes a severe impairment. The correct inquiry at step two is whether the condition affects an individual's ability to perform work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Claimant's human immunodeficiency virus infection was admittedly asymptomatic. (Tr. 18). As such, it did not impose any work related limitations upon Claimant to perform her past relevant work. This Court finds no error in the ALJ's analysis in this regard.

5

**Credibility Analysis**

Claimant challenges the ALJ's credibility determination as to her testimony and that of her mother. Claimant testified she worked in chicken plants, which required her to stand and lift 25 to 50 pounds. (Tr. 352). Claimant testified she cries and has depression and has trouble sleeping. (Tr. 356). Claimant stated she has panic attacks which cause her to have asthma attacks. She does not like to be around men since she was raped. (Tr. 357). During the day, Claimant plays games on the computer, her mother takes care of her children, she will feed and bathe them, and tell them to go to bed. She does not like to go into stores where there are more than five or six people. (Tr. 358). She states she left her employment because there were too many men around and too much $CO_2$, the latter triggering asthma attacks. Claimant testified she still has nightmares about the rape attack. (Tr. 359).

Claimant's mother testified at the hearing as well. She stated Claimant has trouble coping with the children. She also experiences crying spells. Claimant does not appear motivated to do anything. (Tr. 361). Claimant has a hard time going to the grocery store and going out in public. Claimant allegedly developed HIV from a rape in Fort Smith, Arkansas. (Tr. 362).

In her decision, the ALJ found Claimant's statements concerning the intensity, persistence, and limiting effects of her

6

conditions were not credible "to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 21). The ALJ relies upon the statements written by Claimant in the Function Report - Adult completed November 27, 2004 to find inconsistencies in Claimant's subsequent testimony. (Tr. 85-92). Claimant reports she shops two to three times a month for no more than one hour. (Tr. 88). She prepares meals, goes outside, cleans and does laundry, expresses a desire to talk to others for encouragement, has no problem with personal care, and spends time with others through the daily use of a computer and the telephone. (Tr. 85-92). Claimant stays to herself, can't remember things, and can't concentrate. (Tr. 90).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of

any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ accurately assessed Claimant's claims of limitations in light of the entire record available to her. This Court finds no deficiencies in her analysis which would warrant reversal.

### RFC Assessment

Claimant next asserts the ALJ failed to properly consider all of Claimant's limitations in reaching her RFC. The ALJ concluded Claimant could perform a full range of work at all exertional levels with the non-exertional limitations of only superficial interactions with co-workers and supervisors and occasional interaction with the public. (Tr. 20). Claimant takes specific issue with the ALJ's consideration of the opinion of Dr. Denise LaGrand's evaluation of July 17, 2008. Dr. LaGrand completed a Medical Source Statement of Ability to Do Work-Related Activities

(Mental) on that date. (Tr. 326-28). Claimant appears to take issue with the form utilized by Dr. LaGrand, contending it is "quite limited about the work-related activities it addresses." This is no reason to discount the findings Dr. LaGrand does make in the form. The ALJ accurately stated the findings and chose to give more weight to her findings than that of the state agency medical consultant because Dr. LaGrand actually examined Claimant and did so more recently. (Tr. 24). These are valid reasons for giving differing weight to the two opinions.

Claimant also challenges the fact the ALJ gave no weight to the opinion of therapist Sarah Leath. Although she labels the ALJ's treatment of Ms. Leath's opinions as "quite puzzling," she does not assign an actual error to the manner in which the ALJ rejected the opinion. As a result, this Court finds no error in the ALJ's RFC assessment.

**Past Relevant Work**

Claimant also contends the ALJ improperly found Claimant could perform her past relevant work as a chicken process plant worker. Through the testimony elicited from the vocational expert, Glen Marlowe, the ALJ properly evaluated the demands of Claimant's past relevant work in light of Claimant's limitations. Claimant contends the testimony of Dr. LaGrand precludes a return to her prior job. Nothing in Dr. LaGrand's report would prevent Claimant

from performing her past work. She found Claimant's ability to hand the stress of work and dealing with co-workers and supervisors to be low average and not precluded altogether as Claimant suggests. As a result, this Court finds no error in the ALJ's step four analysis. Because of this finding, the ALJ's alternative step five findings are of no moment to the determination of non-disability.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE